## BARROW v. UNITED STATES.

(Court of Appeals of District of Columbia.   Submitted December 4, 1923.
Decided January 7, 1924.   Rehearing Denied January 26, 1924.)

No. 3996.

Criminal law ⟨key⟩1188—Case remanded for resentence.

> Where defendant was convicted of forging indorsements on and ut-
> tering two checks drawn on the United States treasury, and was sen-
> tenced only to a term of imprisonment, notwithstanding Criminal Code,
> §§ 148, 151 (Comp. St. §§ 10318, 10321), providing for punishment consist-
> ing of both a fine and imprisonment, the case will be remanded for the
> sole purpose of setting aside the judgment and resentencing defendant.

Appeal from the Supreme Court of the District of Columbia.

David W. Barrow was convicted of forgery, and he appeals.   Re-
versed, and cause remanded, with directions to set aside the judgment
and resentence defendant.

Matthew E. O'Brien and Matthew H. O'Brien, both of Washing-
ton, D. C., for appellant.

Peyton Gordon and J. H. Bilbrey, both of Washington, D. C., for
the United States.

Before ROBB and VAN ORSDEL, Associate Justices, and BAR-
BER, Judge of the United States Court of Customs Appeals.

VAN ORSDEL, Associate Justice.   Appellant, defendant below,
was convicted of the crime of forging the indorsements upon and
uttering two checks drawn on the treasury of the United States to
the order of one G. H. Stovall.

The case is here on numerous assignments of error, none of which,
or all combined, call for reversal of the judgment.   The questions
presented are too elementary to justify the incumbrance of the re-
ports with a formal opinion.   A discussion of the matters embraced
in the bill of exceptions would serve no good purpose, either by way
of enlightenment or entertainment of the bar.

A suggestion by the district attorney discloses that sections 148 and
151 of the Penal Code (Comp. St. §§ 10318, 10321), under which de-
fendant was convicted, provide punishments consisting of both fine
and imprisonment, while defendant was sentenced only to a term of
imprisonment.   The judgment in this particular should be corrected.
This oversight on the part of the trial judge, however, is not such
as to require a new trial.   Egan v. United States, 52 App. D. C. 384,
397, 287 Fed. 958;  Harman v. United States (C. C.) 50 Fed. 922;
Woodruff v. United States (C. C.) 58 Fed. 766, 768;  In re Christian
(C. C.) 82 Fed. 199.

The judgment is reversed, and the cause is remanded, with direc-
tion to the trial court to set aside the judgment and resentence the
defendant as required by law.