**FLYNN et al. v. UNITED STATES.**

**HARTZELL v. SAME.**

Nos. 4561, 4565.

Circuit Court of Appeals, Seventh Circuit.

June 30, 1931.

Rehearing Denied July 25, 1931.

Abraham Teitelbaum and George R. Bieber, both of Chicago, Ill., for appellants.

George E. Q. Johnson and Walter Wiles, both of Chicago, Ill., for the United States.

Before ALSCHULER, EVANS, and SPARKS, Circuit Judges.

SPARKS, Circuit Judge.

These appeals, while based on two separate transactions, present substantially the same legal questions and were argued together. We shall discuss cause No. 4561 first.

Appellants Flynn and Fair were charged by grand jury indictment in two counts. The first count alleged unlawful possession of intoxicating liquor fit for use for beverage purposes, and the second count alleged unlawful transportation of intoxicating liquor fit for beverage purposes. Both appellants pleaded not guilty and orally waived their rights to a trial by jury, and the cause was tried by the court without a jury. Both were found guilty as to each count, and each was fined $1 on count 1, and ordered confined three months in jail on count 2.

On October 22, 1930, at 8:30 a. m., two police officers of the city of Chicago, driving an automobile in one of the alleys of that city on a tour of inspection, met these appellants driving in the opposite direction in a Ford automobile. Immediately after passing, appellants turned into an intersecting alley. No one was with them. Thereupon the officers backed their automobile to the intersection and followed appellants. The Ford car was out of sight of the police not to exceed thirty or forty seconds. Upon their regaining sight of the Ford car, it had come to a stop in the alley in front of a private garage, the door of which was partially open. Flynn was standing beside the Ford with his hand on its door, and Fair was sitting in the front seat reaching backward over the seat toward the floor. The back seat cushion was missing. Flynn recognized and saluted the officers. One officer asked them what they had in the car. Fair said he did not know, and Flynn said, "You can see what it is." The officers thereupon looked into the Ford and found therein back of the front seat, four filled five-gallon cans. The officers opened the cans, smelled and tasted the contents, and found it to be alcohol, and arrested Flynn and Fair.

There was no means of exit or entry to the garage save the door opening into the alley and a window on the side next to the officers, and the window had been in the officers' unobstructed view since they entered that alley. The officers had no search warrant nor warrant of arrest, and the arrest was made without any co-operation or knowledge of any federal officer. After the arrest, the federal prohibition administrator at Chicago was informed of the facts, and he took appellants into custody from the police.

The substance of appellants' statements is to the effect that they were on their way to a funeral and a friend asked them to help him deliver some packages, as to the contents of which they had no knowledge. They consented, and the friend entered the car and sat on the back seat, the cushion of which, so far as they had knowledge, had not been re-

moved, although it was missing when the officers found the liquor. This friend directed them to the private garage in controversy, and he got the liquor from the garage and placed it in the Ford, after which the Ford had not moved.

On this statement of facts appellants claim (1) that there was an unlawful search and seizure; (2) that there was no transportation; (3) that they had no knowledge of the contents of the packages; (4) that the evidence does not show that the liquor found was intoxicating and fit for beverage purposes; and (5) that the jail sentence on the second count is not authorized by statute.

██ It is unnecessary to discuss the first claim, inasmuch as the search was made upon the invitation of appellants, and they are thus precluded from now saying that it was unreasonable and violative of the Constitution. As to the second point raised, the court no doubt concluded that the story of the friend was fiction and that there was no such person present; that the cans of alcohol had never been in the garage; and that appellants could not have driven from the intersection to the garage, and taken the back cushion out and loaded the four cans of alcohol into the Ford in thirty or forty seconds. It was therefore reasonable to conclude from these circumstances that the alcohol was in the Ford when appellants passed the policemen. This claim is based wholly on matters of fact, and the trial court's determination thereof is final. This is likewise true of claim 3. As to claim 4, it is not necessary to allege or prove that alcohol is either intoxicating or fit for beverage purposes. Alksne v. United States (C. C. A.) 39 F.(2d) 62. As to claim 5, the imprisonment under count 2 is warranted by statute. Title 27, U. S. C. 1930 Supp., § 91 (27 USCA § 91).

The judgment of the trial court as to appellants Flynn and Fair is affirmed.

In cause No. 4565 appellant Hartzell was likewise charged with possessing and transporting alcohol and whisky, but on a different state of facts and at a different time. Appellant orally waived a jury, and the court, after hearing the evidence, found and adjudged him guilty as charged in the indictment, and ordered him to be confined in the DeKalb county jail at Sycamore, Ill., for three months, but assessed no fine.

██ In addition to the errors assigned in cause No. 4561, this appellant insists that the court committed reversible error in not also assessing a fine against him. If this be an error, it is most certainly not harmful to appellant, and he is in no position to complain for that reason.

██ What was said by this court in the foregoing opinion with relation to the errors assigned in cause No. 4561 is applicable to and governs the same questions as presented in the appeal of Hartzell; but whether there was a transportation of liquor by Hartzell, as charged, of course depends upon the facts in evidence which relate to the Hartzell transaction.

On September 6, 1930, police officers of the city of Chicago noticed a Buick coupé standing at the curb about 75 or 100 feet from the entrance of a public garage in Chicago. The officers recognized the automobile as one they had previously seen driven by appellant Hartzell. They had previously been informed that Hartzell was engaged in selling and transporting intoxicating liquor, and they thereupon went to the automobile, looked in it, and found twelve one-gallon cans of alcohol, twenty-two pint bottles of whisky, and six one-gallon bottles of whisky therein. They saw Hartzell standing alone in front of the garage 75 feet or 100 feet away from the automobile. The officers asked him if he owned the automobile, and he replied that he did, and made no explanation whatever concerning the liquor found in it. The officers thereupon arrested appellant Hartzell, seized the automobile and its contents, and reported the facts to the federal prohibition administrator, who took custody of appellant and adopted the seizure. The officers had neither a search warrant nor a warrant of arrest.

We think these facts and circumstances were sufficient to warrant the trial court in finding and adjudging appellant Hartzell guilty of possessing and transporting intoxicating liquor as charged in the first and second counts of the indictment, under the authority of Carroll et al. v. United States, 267 U. S. 132, 45 S. Ct. 280, 69 L. Ed. 543, 39 A. L. R. 790.

The judgment is affirmed.