## Commonwealth ex rel. Carmelo *v.* Smith.

Opinion by Mr. Chief Justice Maxey, June 30, 1943:

The Relator complains because he was refused a parole by the Pennsylvania Board of Parole at its hearing in December, 1942. He avers that this refusal subjects him to "cruel and unusual punishments inflicted" in violation of the Eighth Amendment to the Federal Constitution. He further avers that under the sentences "he has paid the penalty in full."

The Relator's petition shows that on the 3rd day of November, 1928, he was sentenced on three separate indictments to a minimum of 3½ years and maximum of 7 years from November 3, 1928, and for a minimum of 1½ years and a maximum of 3 years to be computed from the expiration of the first sentence, and for a minimum of 3½ years and a maximum of 7 years to be computed from the expiration of the second sentence. On May 4, 1937, the Relator was released, having served 8 years, six months and one day.

The Relator was at liberty from May 4, 1937, to December 12, 1940, when after trial for burglary, the court sentenced him to a term of not less than two years nor more than seven years, to be computed from December 12, 1940.

The Relator avers that he applied to the Parole Board for parole on November 17, 1942, and in December, 1942, the Parole Board refused the parole.

The Act of 1941, P. L. 861, section 17, gives exclusive power and jurisdiction to the Parole Board of all matters of parole.

A "sentence for an indefinite term must be deemed a sentence for the maximum term described by law as a punishment for the offense committed": *Commonwealth v. Kalck*, 239 Pa. 533, 541, 87 A. 61. In that case, we quote from President Judge Sulzberger in *Commonwealth ex rel. Bates v. McKenty* as follows: "Assuming as we do, for the purpose of interpreting the statute, that it is constitutional, it necessarily follows that the maximum sentence is the only portion of the sentence which has legal validity, and that the minimum sentence is merely an administrative notice by the court to the executive department, calling attention to the legislative policy that when a man's so-called minimum sentence is about to expire, the question of grace and mercy ought to be considered and the propriety of granting a qualified pardon be determined."

Under the maximum sentence in the last case which was imposed on December 12, 1940, the Relator would

still have to serve until December 12, 1947, unless paroled. There is no merit in this petition.

The writ is refused.