## COOK v. UNITED STATES.

### No. 4355.

United States Court of Appeals
First Circuit.

Dec. 28, 1948.

Writ of Certiorari Denied March 7, 1949.
See 69 S.Ct. 647.

568

William B. Sleigh, Jr., of Boston, Mass., for appellant.

Thomas P. O'Connor, Asst. U. S. Atty., of Boston, Mass. (William T. McCarthy, U. S. Atty., and Edward A. Counihan, Asst. U. S. Atty., both of Boston, Mass., on the brief), for appellee.

Before MAGRUDER, Chief Judge, and GOODRICH (by special assignment), and WOODBURY, Circuit Judges.

MAGRUDER, Chief Judge.

This is an appeal from an order denying appellant's motion to vacate judgment and sentence in Criminal No. 17205 and on Count 1 of the indictment in Criminal No. 17206, on which appellant had been tried in the court below and found guilty by a verdict of the jury.

In No. 17205 appellant was charged in a single count with an offense under 18 U.S.C.A. § 315 [now § 2115]. In No. 17206 he was charged in two counts with offenses under 18 U.S.C.A. § 82 [now §§ 641, 1361]. Appellant was sentenced on April 4, 1945, to imprisonment for five years in No. 17205, to begin after the service of other sentences in Nos. 17222 and 17204 imposed by the trial court at the same time. Appellant was sentenced to two years on each of the two counts in No. 17206, said sentences to run consecutively and to begin after service of sentence in No. 17205. Appellant took no appeal from these judgments of conviction. He has some little time to serve on the earlier sentences before commencing service on the sentences in Nos. 17205 and 17206. He is now confined at Alcatraz, in California.

Violation of 18 U.S.C.A. § 82 carries with it the penalty of a fine *or* imprisonment, or both. But it is provided in 18 U.S.C.A. § 315 that one guilty of the offense there described "shall be fined not more than $1,000 *and* imprisoned not more than five years." (Italics added.) Therefore, in sentencing the appellant, the district court was in error in failing to impose a fine to accompany the prison sentence in No. 17205.

On January 16, 1948, the trial judge received a letter from appellant calling attention to the failure to impose a fine in No. 17205, and asking that the letter be treated "as such a motion to make my sentence legal on No. 17205." It might have seemed odd that the prisoner should object that a fine was not imposed upon him. But he explained in his letter "that where the law requires the imposition of

a fine as well as a prison term, the fine must be assessed before the prisoner can begin serving a legal and valid sentence"; and he expressed the apprehension that he might at the instance of the Government "be resentenced on Indictment 17205 and given a new 5 yrs. which would lose me whatever time I had already served on it."

The district court on January 20, 1948, entered an order in No. 17205 amending the judgment therein by the addition of a new paragraph adjudging "that the defendant pay a fine in the sum of one dollar, ($1.00) and, that the payment of said fine be suspended." This was technically an increase of sentence, which the court was without power to impose without the accused being present. Price v. Zerbst, D.C.N.D.Ga.1920, 268 F. 72. See Rule 43, Federal Rules of Criminal Procedure, 18 U.S.C.A., with which compare Rule 35. It would seem that in prosecutions for felony the accused cannot effectively waive his right to be present at the sentencing. See Rule 43. See also Lewis v. United States, 1892, 146 U.S. 370, 372, 13 S.Ct. 136, 36 L. Ed. 1011. However that may be, we do not find in appellant's letter to the district judge, above referred to, any clear expression of an intention to waive his right to be present.

On April 16, 1948, appellant filed under Rule 35 the motion with which we are now concerned, a motion to "vacate judgments and sentences imposed under Indictment No. 17205 and Count One of Indictment No. 17206". This motion was denied on May 3, 1948, and the present appeal is from that order of denial.

For the reason already stated, appellant is entitled to the vacation of the district court's order of January 20, 1948, amending the original judgment by the addition of a fine. But if appellant is also entitled to insist that the original judgment, sentencing him to imprisonment merely, must be vacated, then appellant will have to be escorted under guard on a transcontinental trip from Alcatraz to Boston to be present at the resentencing. That consequence would seem to be particularly absurd in the circumstances of this case. Appellant is in error in his suggestion that if the original sentence is vacated he may indicate his intention to plead guilty, and consent to the transfer of the case to the United States District Court for the Northern District of California for disposition, under the provisions of Rule 20, F.R.Cr.P. Rule 20 deals with the situation where an accused is arrested in a district other than that in which the indictment is pending against him, and provides that with the approval of the United States Attorney for each district the defendant may waive trial in the district in which the indictment is pending and consent to be sentenced in the district wherein the arrest took place, upon plea of guilty. The rule has no application to the situation presented in the case at bar. Cook has been tried, found guilty and sentenced in the District of Massachusetts, and if there is any correction of sentence to be done, it must be done by the district court in Massachusetts.

The original sentence of imprisonment only, in No. 17205, was not null and void. The term imposed was within the limit authorized by 18 U.S.C.A. § 315; in fact it was the maximum term of imprisonment prescribed by Congress for that offense. No doubt the sentence was defective in its failure to include a fine. This was a defect of which the Government was entitled to complain. Thus, if there had been an appeal from the original judgment, the appellate court, upon suggestion of the United States Attorney, might have remanded the case with direction to correct the sentence by the imposition of a fine. Barrow v. United States, 1924, 54 App.D.C. 128, 295 F. 949. And we suppose that in the case at bar the Government would have been entitled to move in the district court under Rule 35 for correction of sentence by the addition of a fine.[1]

[1] Although Rule 35 states that an illegal sentence may be corrected "at any time", perhaps the district court would be without power to impose a fine after the defendant had fully served the term imposed by the original judgment; in this situation, a question of double jeopardy would be presented.

On principle, we think it is clear that the defect in the original sentence here, the lack of a fine, was not prejudicial to the defendant and was not a defect of which the defendant was entitled to complain. It has been so held in many cases, with which we entirely agree. Bartholomew v. United States, 6 Cir., 1910, 177 F. 902, certiorari denied 1910, 217 U.S. 608, 30 S.Ct. 697, 54 L.Ed. 901; Nancy v. United States, 9 Cir., 1926, 16 F.2d 872; Flynn v. United States, 7 Cir., 1931, 50 F.2d 1021; Jordan v. United States, 4 Cir., 1932, 60 F.2d 4, certiorari denied 1932, 287 U.S. 633, 53 S.Ct. 84, 77 L.Ed. 549; Matchok v. United States, 3 Cir., 1932, 60 F.2d 266; Widener v. Harris, 4 Cir., 1932, 60 F.2d 956. These cases are a complete answer to the apprehension expressed by appellant that (unless the sentence is lawfully corrected now by the addition of a fine) he will be subject to the risk that, when in the future he begins to serve the prison sentence imposed by the original judgment in 17205, he may thereafter be brought back to the court below and resentenced to the maximum term of five years in prison, accompanied by a fine, with no credit for the time already served under the original sentence. If this apprehension were well-founded in law, the cases just cited could not have held that the defect in the original sentence was not prejudicial to the defendant and did not constitute an error of which the defendant was entitled to complain.

Our conclusion is not inconsistent with the holding in Bozza v. United States, 1947, 330 U.S. 160, 67 S.Ct. 645, 91 L.Ed. 818. In this case the accused was convicted of an offense under § 2833(a) of the Internal Revenue Code, 26 U.S.C.A. § 2833 (a), which called for a mandatory penalty of a fine of not less than $100 *and* imprisonment for not less than thirty days nor more than two years. The sentence originally pronounced was two years' imprisonment. The prisoner was then taken to a local detention jail awaiting transportation to the penitentiary. But five hours after the imposition of sentence, the district judge recalled the prisoner and corrected the sentence by the imposition of the minimum mandatory fine. Though the prisoner had technically begun the service of his sentence, 18 U.S.C.A. § 709a [now § 3568], the Supreme Court upheld the action of the district judge in amending the sentence by the imposition of the mandatory fine, as against the argument that such action constituted double jeopardy in violation of the Federal Constitution. The Court said, 330 U.S. at page 166, 67 S.Ct. at page 649, 91 L.Ed. 818: "The Constitution does not require that sentencing should be a game in which a wrong move by the judge means immunity for the prisoner." We find not even a remote suggestion in the Bozza case to the effect that if the defendant there had served a substantial part of the sentence under the original judgment, the trial court could have vacated such judgment in its entirety and resentenced him for a two-year term of imprisonment, together with the mandatory fine, so that the defendant, getting no credit for the time already served, might have been required to serve in the aggregate a term in excess of the maximum term prescribed by law for the offense in question. Cf. King v. United States, 1938, 69 App.D.C. 10, 98 F.2d 291, 295 n. 3.

In his motion to vacate the original judgments and sentences in Nos. 17205 and 17206, appellant also sought to raise various objections to the technical sufficiency of the indictments. These objections might have been raised by appropriate motions prior to verdict, or perhaps by a motion in arrest of judgment "within 5 days after determination of guilt" as provided in Rule 34, F.R.Cr.P. Such objections are now untimely. See Colbeck v. United States, 8 Cir., 1926, 14 F.2d 801; Audette v. United States, 9 Cir., 1938, 99 F.2d 113; Bugg v. United States, 8 Cir., 1944, 140 F.2d 848. A motion for correction of sentence under Rule 35 presupposes a valid conviction and affords a procedure for bringing an improper sentence into conformity with the law. The short time limit upon motions in arrest of judgment, as provided in Rule 34, cannot be circumvented by a motion at any time after conviction for vacation of judgment and sentence on the ground of defects in the indictment upon the theory that such a motion is merely a motion to "correct an illegal sentence" under Rule 35. The object of

such a motion would be not to "correct" a .sentence but to be relieved of it altogether.

The order of the District Court entered January 20, 1948, amending the original judgment by the addition of a fine is vacated, and the case is remanded to the District Court for further proceedings not inconsistent with this opinion.