**Benton C. SULLENS, Plaintiff-Appellant,**

v.

**UNITED STATES of America, Defendant-Appellee.**

**No. 27295.**

United States Court of Appeals
Fifth Circuit.

April 7, 1969.

Benton C. Sullens, pro se.

Joseph W. Hatchett, First Asst. U. S. Atty., Jacksonville, Fla., for appellee.

Before WISDOM, COLEMAN and SIMPSON, Circuit Judges.

WISDOM, Circuit Judge:

Sullens appeals from the district court's denial of a motion to vacate his sentence pursuant to 28 U.S.C. § 2255. His case turns upon whether a prisoner's continued incarceration under resentencing violates the double-jeopardy clause of the Constitution if it extends beyond the period to which he was originally sentenced.

Sullens pleaded guilty to a charge of having used interstate telephone facilities to convey a threat upon his wife's life, a violation of 18 U.S.C. § 875(c). The district court, under 18 U.S.C. § 4208 (b),[1] sentenced him tentatively to the maximum of five years imprisonment pending a pre-sentence study by government prison authorities. During the

---

1. "If the court desires more detailed information as a basis for determining the sentence to be imposed, the court may commit the defendant to the custody of the Attorney General, which commitment shall be deemed to be for the maximum sentence of imprisonment prescribed by law, for a study as described in subsection (c) hereof. The results of such study, together with any recommendations which the Director of the Bureau of Prisons believes would be helpful in determining the disposition of the case, shall be furnished to the court within three months unless the court grants time, not to exceed an additional three months, for further study. After receiving such reports and recommendations, the court may in its discretion: (1) Place the prisoner on probation as authorized by section 3651 of this title, or (2) affirm the sentence of imprisonment originally imposed, or reduce the sentence of imprisonment, and commit the offender under any applicable provision of law. The term of the sentence shall run from date of original commitment under this section."

study, Sullens remained in confinement at the United States Penitentiary, Lewisburg, Pa. On July 12, 1968, the court, having considered the study, sentenced Sullens under the "split-sentence" provision, 18 U.S.C. § 3651, which allows sentencing composed partly of imprisonment and partly of probation;[2] Sullens received six months in prison and two-and-a-half years probation. The record of the proceedings makes it clear that the six months were to run from July 12, despite the two and a half months that Sullens had spent in jail before February 23 (he had not made bail) and the four months he had spent at Lewisburg. Sullens was eligible for parole after serving one third of his sentence, or two months. 18 U.S.C. § 4202.

On July 24, 1968, the court recalled Sullens, having in the meantime concluded that the July 12 sentence was "improper". It noted that under the split-sentence provision, the maximum term of imprisonment is six months. In this case Sullens had already served seven months in jail and at Lewisburg. The Bail Reform Act, 18 U.S.C. § 3568, provides that the sentence of one who remains in jail pending trial "shall commence to run from the date on which he is received at such jail or other place of detention".

Similarly, the tentative sentencing provision, § 4208(b) under which Sullens was sent to Lewisburg for study, provides that "[t]he term of the sentence shall run from the date of original commitment under this section". The time spent by Sullens in jail, therefore, and the time spent pending the sentencing study, had to be considered as time served in prison under the July 12 sentence, and subtracted from the maximum further time that the court could impose under the split-sentencing provision, i. e. six months. To put it another way, the court, having invoked the split-sentencing provision, could not sentence Sullens to more than six months in prison, and was bound, under §§ 3568 and 4208(b) to credit jail time and sentence-study time as part of the six months.[3] But Sullens had already spent more than six months in jail and prison. The court, therefore, if it gave him the required credit for the imprisonment he had already undergone, could not invoke the split-sentence provision as it had tried to do on July 12. That is why on July 24 it called the July 12 sentence "improper".

The court sought to resolve its dilemma by vacating the improper sentence under Fed.R.Crim.Proc. 35 and sentencing the prisoner for a third time. The

2. Section 3651 reads, in part, as follows:
   "Upon entering a judgment of conviction of any offense not punishable by death or life imprisonment, any court having jurisdiction to try offenses against the United States when satisfied that the ends of justice and the best interest of the public as well as the defendant will be served thereby, may suspend the imposition or execution of sentence and place the defendant on probation for such period and upon such terms and conditions as the court deems best.
   Upon entering a judgment of conviction of any offense not punishable by death or life imprisonment, if the maximum punishment provided for such offense is more than six months, any court having jurisdiction to try offenses against the United States, when satisfied that the ends of justice and the best interest of the public as well as the defendant will be served thereby, may impose a sentence in excess of

   six months and provide that the defendant be confined in a jail-type institution or a treatment institution for a period not exceeding six months and that the execution of the remainder of the sentence be suspended and the defendant placed on probation for such period and upon such terms and conditions as the court deems best."

3. Our decision in Bryans v. Blackwell, 5 Cir. 1967, 387 F.2d 764, does not mean that where a statute sets out a maximum term of imprisonment, as § 3651 does, the sentencing court may ignore time previously spent in jail, so that the total detention exceeds the maximum allowable under the statute. *Bryans* merely holds that when the trial court metes out a term that, when added to jail time, does not exceed the statutory maximum, it shall be conclusively presumed that the trial court took jail time into account and intended the allotted time to run from the date of sentencing.

new sentence was simply to three years imprisonment, with no provision for probation under the split-sentence section. The court added a twist, however; it applied 18 U.S.C. § 4208(a) (2) [4] to make the prisoner eligible for parole immediately. Normally, under § 4202 a prisoner must serve a third of his time before becoming eligible for parole. Thus under the July 24 sentence, the prisoner faced a maximum of three years imprisonment, with the possibility of immediate parole, while under the July 12 sentence he had faced a maximum of six months imprisonment, but with no chance of parole for two months.

Sullens thereafter moved under § 2255 to have his sentence reconsidered. The district court rebuffed him without explanation. The case comes before us on Sullens's petition for the appointment of counsel on appeal. Since we think that the record clearly upholds the prisoner's right to immediate release, however, we have chosen to deal with the merits of the case now.

We put aside for the moment the illegality of the July 12 sentence. We start instead with the general principle recently recognized by this Court in Schultz v. United States, 5 Cir. 1967, 384 F.2d 374, that "[I]ncreasing a sentence after a defendant has commenced to serve it is a violation of the constitutional guarantee against double jeopardy". 384 F.2d at 375. This interpretation of the double-jeopardy clause stems from the leading Supreme Court decision of Ex Parte Lange, 1873, 18 Wall. 163, 85 U.S. 163, 21 L.Ed. 872. There the prisoner had been convicted of an offense punishable by $200 or a year's imprisonment. The trial court sentenced him to both the fine and the year. He paid the fine and had served five days in prison when the court vacated the former sentence and resentenced him to a year, despite the fact that the fine was irretrievable. The Supreme Court held this action unconstitutional, and in later years has construed the decision to forbid courts from increasing sentences which the prisoner has already begun to serve. See United States v. Benz, 1931, 282 U.S. 304, 51 S.Ct. 113, 75 L.Ed. 354.

The nub of the matter in this case is whether Sullens, having at one time been sentenced to six months imprisonment, can still properly be confined some eight months after that sentence had begun to run. At the time that the court resentenced Sullens on July 24 it had no way of knowing whether he would be granted parole in less than six months so as to make the third sentence less onerous than the second one, which it had come to recognize as improper. We would face a harder problem if the appeal came to us before Sullens had served six months under the third sentence, and if, therefore, a period of confinement longer than the one imposed on July 12 remained only a possibility. Here we have the benefit of hindsight and can see that Sullens's punishment already exceeds the six months imprisonment previously provided, even ignoring his seven months detention in jail and in Lewisburg. Under the old sentence he would have been out, although on probation. Under the new sentence, he is serving added time. The excess represents an incremental punishment, a separate term of incarceration tacked on to what the court ordered on July 12. This increment is what the double-jeopardy clause, as interpreted in

---

4. Section 4208(a) reads as follows:

"Upon entering a judgment of conviction, the court having jurisdiction to impose sentence, when in its opinion the ends of justice and best interests of the public require that the defendant be sentenced to imprisonment for a term exceeding one year, may (1) designate in the sentence of imprisonment imposed a minimum term at the expiration of which the prisoner shall become eligible for parole, which term may be less than, but shall not be more than one-third of the maximum sentence imposed by the court, or (2) the court may fix the maximum sentence of imprisonment to be served in which event the court may specify that the prisoner may become eligible for parole at such time as the board of parole may determine."

the cases above, seeks to forbid. The mere fact that the later sentence might have turned out to be lighter than the earlier one if Sullens had been paroled within two months does not matter here. The first sentence set a maximum beyond which confinement could not continue.

The Supreme Court's decision in Bozza v. United States, 1947, 330 U.S. 160, 67 S.Ct. 645, 91 L.Ed. 818, does not suggest otherwise. The prisoner there had been convicted of a crime requiring fine and imprisonment, but the court had sentenced him to imprisonment only. Five hours later it recalled his case and added the mandatory fine. The Supreme Court affirmed:

> Petitioner contends, however, that these cases are inapplicable here because correction of this sentence so as to make it lawful increases his punishment. Cf. United States v. Benz, 282 U.S. 304, 309, 51 S.Ct. 113, 75 L.Ed. 354, 357. If this inadvertent error cannot be corrected in the manner used here by the trial court, no valid and enforceable sentence can be imposed at all. Cf. Jordan v. United States (CCA 4th) 60 F.2d 4, 6, with Barrow v. United States, 54 App.D.C. 128, 295 F. 949. This Court has rejected the "doctrine that a prisoner, whose guilt is established, by a regular verdict, is to escape punishment altogether, because the court committed an error in passing the sentence." In re Bonner, supra, 151 U.S. 242 at 260, 14 S.Ct. 323, 38 L.Ed. 149, 153. The Constitution does not require that sentencing should be a game in which a wrong move by the judge means immunity for the prisoner. See King v. United States, 69 App.D.C. 10, 98 F.2d 291, 296. In this case the court "only set aside what it had no authority to do and substitute[d] directions required by the law to be done upon the conviction of the offender." In re Bonner, supra, 151 U.S. at page 260, 14 S.Ct. at page 327, 38 L.Ed. 149.

It did not twice put petitioner in jeopardy for the same offense. The sentence, as corrected, imposes a valid punishment for an offense instead of an invalid punishment for that offense. 330 U.S. at 166, 167, 67 S.Ct. at 649, 91 L.Ed. at 822.

Concededly, in the present case, as in Bozza, the prisoner had begun to serve an illegal punishment. In Bozza, however, the court had no choice under the statute but to increase the sentence, because the original penalty had been too *light*. The conflict between *Lange*, which forbids a heavier punishment, and the statute, which required it, could not be resolved. If an exception was not made to *Lange*, no legal sentence could be imposed. In Sullens's case, the previous sentence was, under the split-sentence provision, too *heavy*. It could have been altered, e. g. to six months without probation, or to five years or less on probation,[5] without violating any statute (since the split-sentence provision would no longer apply) or the *Lange* principle. Neither of these penalties would have entailed what the Supreme Court sought to avoid in *Bozza*, letting a duly convicted prisoner off scot-free.

We conclude, therefore, that Sullens is entitled to immediate release. The July 24 sentence cannot stand, and he has more than served the six months assigned on July 12. The compelling circumstances of his case and the fact that prison time wrongly imposed cannot be given back lead us to reverse summarily on the merits, rather than merely appointing counsel for appeal. At the same time, should the Government feel that its case requires a full-scale airing with briefs and oral argument, we direct its attention to the ample provisions for rehearing that are set out in the rules of this Court.

It is ordered that the judgment of the district court be reversed and the cause be remanded to the district court for disposition consistent with this opinion.

---

5. The five years would have to be decreased by the time previously spent in detention.