OPINION AND ORDER

**Benton C. SULLENS, Plaintiff,**

v.

**Bryant S. CARROLL, Jr.; Smith, Elliot, Schwalbe & Spraker; Lloyd Smith, etc.; James M. Elliot, etc.; Richard B. Schwalbe, etc.; Burton Spraker, etc.; Harry W. Meshaw, etc.; and Robert C. Nichols, etc., Defendants.**

No. 69–653–Civ–J.

United States District Court
M. D. Florida,
Jacksonville Division.

Jan. 21, 1970.

Benton C. Sullens, pro se.

Weir Dee Walker, Savannah, Ga., for plaintiff.

Walter L. Robison, Marion R. Shepard, Mathews, Osborne & Ehrlich, Jacksonville, Fla., for defendants.

SCOTT, District Judge.

This case essentially is a malpractice action which the plaintiff, admitting lack of diversity, has tried to bootstrap into a federal forum under the Civil Rights Statute, 42 U.S.C. § 1983, and related jurisdictional statutes, 28 U.S.C. §§ 1331, 1343.

The facts are: The defendant, Bryant S. Carroll, Jr., a lawyer, was appointed on January 26, 1968, in the United States District Court for the Middle District of Florida, Jacksonville Division, to represent the plaintiff in a criminal action entitled Sullens v. United States, 5 Cir., 409 F.2d 545. The plaintiff was found guilty in that criminal action and sentenced to three years incarceration.

The plaintiff here alleges that the defendant, Bryant S. Carroll, Jr., through misfeasance, malfeasance, nonfeasance, malice and negligence in the preparation of the plaintiff's defense violated the plaintiff's rights pursuant to 42 U.S.C. § 1983. The other defendants, as members of the law firm with which defendant Carroll is associated, are joined on the theory that they would be jointly liable for any damages awarded the plaintiff.

After careful consideration, the Court is of the opinion that the motions to dismiss must be granted.

Section 1983, Title 42, United States Code, reads:

"Every person, who, *under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory,* subjects or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress". (emphasis added)

In this case the defendant, Bryant S. Carroll, Jr., was appointed in the United States District Court, pursuant to the Criminal Justice Act (18 U.S.C. § 3006a), to represent the plaintiff and, therefore, the defendant was acting under a mandate from the federal court and federal statutes, and not under "any statute, ordinance, regulation, custom, or usage, of any State or Territory * * *." *Cf.* United States v. Faneca, 332 F.2d 872 (5th Cir. 1964). Moreover, numerous cases hold that an appointed attorney acting in his official capacity is not a person acting under color of state law within the meaning of the Act. *See e. g.,* Mulligan v. Schlachter, 389 F.2d 231 (6th Cir. 1968); Jackson v. Hader, 271 F. Supp. 990 (W.D.Mo., C.D.1967); Pritt v. Johnson, 264 F.Supp. 167 (M.D.Pa. 1967). Therefore, the plaintiff cannot base his cause of action on 42 U.S.C § 1983.

Sections 1331 and 1343 of Title 28, United States Code, are sections vesting the district court with original jurisdiction; provided, that a cause of action is stated by looking either to the Constitution of the United States or to other federal statutes. In other words, Sections 1331 and 1343 grant jurisdiction but do not establish a cause of action. Since the plaintiff cannot state a cause of action under 42 U.S.C. § 1983, this Court is not vested with jurisdiction under 28 U.S.C. §§ 1331, 1343.

Stripped of any appearance of a civil rights action, this suit is a malpractice suit, pure and simple. On that basis, the plaintiff must establish diversity in order to stay in the federal court. As previously mentioned, the plaintiff has conceded that diversity does not exist.

Therefore, in light of the prior discussion, it is

Ordered:

The motion of the defendants to dismiss is granted and this suit is dismissed for the reason that the Court lacks jurisdiction.