Commonwealth *v.* Brown, Appellant.

Submitted November 8, 1973. Before JONES, C.J., EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

*D. Benjamin Vansteenburgh, III,* Assistant Public Defender, and *John R. Merrick,* Public Defender, for appellant.

*James Gordon Porter, Jr.,* and *M. Joseph Melody,* Assistant District Attorneys, and *William H. Lamb,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. CHIEF JUSTICE JONES, January 24, 1974:

Pursuant to the October 28, 1971, order of the United States District Court for the Eastern District of Pennsylvania at Criminal Action No. 71-1811, appellant was resentenced on a 1965 second-degree murder conviction by the Court of Quarter Sessions of Chester County on December 10, 1971.[1] At that time, a sentence of eight and one-half to ten years was imposed and appellant was returned to prison with a commitment order for the same duration. Three days later, the court amended this sentence, increasing the maximum term to twenty years, thus making the sentence eight and one-half to twenty years. This appeal is from that order.

Appellant asserts that the lower court's action in raising his maximum sentence constituted double jeopardy and thus violated the Fifth Amendment to the United States Constitution and Article I, Section 10 of the Pennsylvania Constitution. The Commonwealth, however, contends that the imposition of the longer maximum sentence merely corrected a prior "slip of

---

[1] The basis for the District Court's order of resentencing was its finding that the Chester County court had considered a subsequently voided 1956 conviction in imposing a ten to twenty year sentence on the 1965 conviction.

the tongue" of the sentencing judge and was therefore permissible. In support of this factual theory, the Commonwealth points to several convincing factors.[2] Nevertheless, for the reasons given below and particularly in view of our decision in *Commonwealth v. Allen,* 443 Pa. 96, 277 A. 2d 803 (1971), we are of the view that the sentencing judge's inadvertence is of no aid to the Commonwealth and that the increased sentence was unlawful as being violative of double jeopardy.

The United States Supreme Court has held that neither the guarantee against double jeopardy nor the equal protection clause bars a more severe sentence upon reconviction following an accused's successful appeal. *North Carolina v. Pearce,* 395 U.S. 711, 723 (1969). However, *Pearce* also holds that "[d]ue process . . . requires that vindictiveness against a defendant for having successfully attacked his first conviction must play no part in the sentence he receives after a new trial." 395 U.S. at 725. Therefore any time a more severe sentence is imposed on a defendant, it must be justified by intervening conduct by the defendant occurring after the date of the original sentence. 395 U.S. at 726.

The present problem deals with the increase of an *existing* sentence,[3] not with an increase over the original sentence following retrial as was the case in

---

[2] Apparently, prior to the initial *re*sentencing, there was a conference in chambers in which the sentencing judge indicated that he was going to impose an eight and one-half to *twenty* year sentence. The Commonwealth also stressed the promptness with which the sentence was changed (three days) and the illegality of the sentence as originally imposed (eight and one-half to ten) since the minimum sentence cannot exceed one-half the maximum *See* Act of September 26, 1951, P. L. 1460, §1, 19 P.S. §1057.

[3] There was, of course, an original sentence in this case, but that fact is irrelevant to our present discussion as we are here concerned only with those events which occurred subsequent to the resentencing order of the federal district court.

*Pearce.* That distinction, however, is not significant here since both the United States Supreme Court and this Court have also held that a court is without power to increase an *existing* sentence, once the defendant has begun to serve that sentence. *See Ex parte Lange,* 85 U.S. (18 Wall.) 163 (1873); *Commonwealth v. Silverman,* 442 Pa. 211, 275 A. 2d 308 (1971).

More important for our resolution of the instant case, however, is our decision in *Commonwealth v. Allen, supra,* wherein we held, *inter alia,* that even an increase in sentence which is merely designed to correct an inadvertent judicial mistake must be scrutinized as carefully as an increase which results from a reconsideration of sentencing factors or from a judicial change of mind.[4] The Commonwealth would dispute this reading of *Allen,* however, since it feels that an increased sentence to correct a "slip of the tongue" was there approved. While it is true that we noted factors which negated a "slip of the tongue" theory in that case,[5] we never indicated that the establishment of such a "slip" would have altered our result. On the contrary, we there expressed our "agreement with those jurisdictions holding there is no exception to Lange in the situation where the increase is allegedly designed to reflect the judge's true intent. . . ." 443 Pa. at 104, 277 A. 2d at 807.[6] We then concluded our discussion

---

[4] Although there was some hint of possible exceptions where, for example, (1) the original sentence was below the minimum mandatory sentence and the mistake is cured within a few hours and (2) where the mistake was due to a clerk's erroneous docket entry, the thrust of that opinion indicated that a prophylactic rule would be more desirable. 443 Pa. at 104-05, 277 A. 2d at 806-07.

[5] 443 Pa. at 104, 277 A. 2d at 806.

[6] The *Lange* case, which we cited in *Allen,* held that once a defendant is sentenced by the court and has commenced to serve that sentence, the court is without power to increase that sentence, even during that term of court. *Ex parte Lange,* 85 U.S. (18 Wall.) 163 (1873).

with the following language: "Lastly, we are of the opinion that such alleged inadvertence cannot be tolerated as a matter of public policy. As best stated by the Second Circuit, '[t]he possibility of abuses inherent in broad judicial power to increase sentences outweighs the possibility of windfalls to a few prisoners.' 367 F. 2d at 370." 443 Pa. at 105, 277 A. 2d at 807. In light of the above principles enunciated in *Allen,* we must hold that the modification of sentence in the present case, having occurred after the appellant was returned to prison pursuant to a commitment order, violated the federal and state constitutional guarantees against double jeopardy.

There is, however, one more problem. As was noted in the opinion of the court below, the eight and one-half to ten year sentence initially imposed after the federal court order is unlawful since the minimum is greater than one-half the maximum. Act of September 26, 1951, P. L. 1460, §1, 19 P.S. §1057. The method of correcting this illegality, however, is not to increase the maximum until the sentence comports with the statute as did the lower court in this case; rather, in light of our foregoing discussion, the appropriate action must be to reduce the minimum term until there is statutory compliance and under no circumstances to increase either minimum or maximum term. Hence, a five to ten year sentence is the most severe punishment which can be imposed on appellant at this time.

Accordingly, the order of the Court of Quarter Sessions of Chester County is reversed, the judgment of sentence is vacated, and the case remanded for resentencing in accordance with this opinion.

---

CONCURRING OPINION BY MR. JUSTICE ROBERTS:

I readily join in the opinion of the Court and wish to comment briefly on the impermissible sentencing procedure employed by the trial court. It is admitted

that the maximum is the only sentence which has legal validity. *Commonwealth v. Daniel,* 430 Pa. 642, 243 A.2d 400 (1968) ; *Commonwealth ex rel. Carmelo v. Smith,* 347 Pa. 495, 32 A.2d 913 (1943). And it is conceded that the minimum sentence serves the sole purpose of administrative notice by the court to parole authorities.[1]

This case does not present a complicated issue. The trial court imposed a maximum sentence of ten years with a minimum of eight and one-half years. Faced with the impermissible minimum of eight and one-half years, the court later sought to correct that error by more than doubling the minimum, thereby increasing the maximum term from ten years to twenty. In doing so, the court misconstrued its proper role in the sentencing function. In this Commonwealth, it is the maximum term which has legal effect as the sentence, and the minimum must conform to the maximum. See *Commonwealth v. Daniel,* supra. The maximum may not be increased to accommodate an excessive minimum.

Here the trial court overlooked the controlling feature of the original sentence namely, that the maximum—ten years—is an entirely legal sentence for a conviction of second degree murder. The sentence prescribed by statute for murder in the second degree is imprisonment for not more than twenty years.[2] The maximum sentence initially imposed clearly falls within the statutory limits.

It is impossible to assume, as the trial court did, that an excessive minimum affixed to a statutorily-allowed maximum created an illegal sentence and was

---

[1] Act of June 19, 1911, P. L. 1055, § 6, as amended, 19 P.S. § 1057 (1964.) Generally, the minimum is less than one-half the maximum.

[2] Act of June 24, 1939, P. L. 872, § 701, as amended, 18 P.S. § 4701 (1963).

a "nullity". Only the excessive minimum was ineffective. The legal maximum sentence may thus not be disturbed.

There is neither reason nor authority to believe that when the minimum exceeds half the maximum the entire sentence is without legal effect. The legal maximum sentence may not be increased merely by more than doubling the impermissible minimum.[3]

Mr. Justice O'BRIEN and Mr. Justice MANDERINO join in this concurring opinion.

---

[3] See ABA Project on Minimum Standards for Criminal Justice, Standards Relating to Sentencing Alternatives and Procedures §§ 6.1(b), 6.2 (Approved Draft, 1968). "Under no circumstances should the sentencing court be authorized to increase a term of imprisonment once it has been imposed." Id. § 6.1(b).

See also Id., Commentary at 279-80. "The Advisory Committee is clear, however, that the court should not be authorized to increase a sentence once it has been imposed."

---

CONCURRING AND DISSENTING OPINION BY MR. JUSTICE NIX:

There can be no serious question that a sentence once imposed may not be altered, modified or amended, even though within the statutory period of thirty days[1] where the effect of such modification, alteration or amendment constitutes a violation of the double jeopardy clauses of the federal and state constitutions. My difference arises from the belief that this principle of law has no applicability to the facts of the instant appeal. In my view the distinguishing factor here is that the 8½ to 10 year sentence was in direct contravention of the Act of September 26, 1951, P. L. 1460, § 1, 19 P.S. § 1057.[2]

---

[1] Act of June 1, 1959, P. L. 342, § 1, 12 P.S. § 1032 (Supp. 1973-74).

[2] The statute states in pertinent part: "Whenever any person, convicted in any court of this Commonwealth of any crime punishable by imprisonment in a State penitentiary, shall be sentenced

The power to define criminal conduct and to assign the sanction to be imposed is a prerogative of the legislature and not the judicial branch of government. Furthermore, the legislature may delegate the implementation of that power to the courts and proscribe limitations in the exercise of the power under the grant. *Commonwealth v. Sweeney,* 281 Pa. 550, 127 A. 266 (1924); *Commonwealth v. Kalck,* 239 Pa. 533, 87 A. 61 (1913); *Commonwealth ex rel. Bates v. McKenty,* 52 Pa. Superior Ct. 332 (1913). The Act of 1951 directs that a sentence which seeks to commit a male offender to a State Penitentiary must contain a maximum and minimum sentence. With equal force the provision requires that the maximum not exceed the maximum punishment set by the legislature for the crime charged and that the minimum not exceed one half of the maximum imposed by the court. Non-compliance with the express directions of the act conferring the power to sentence can only result in an ineffective and futile attempt to exercise that power.

That we have held that it is the maximum term which has legal effect as the sentence, *Commonwealth v. Daniels,* 430 Pa. 642, 243 A.2d 400 (1968); *Commonwealth ex rel. Carmelo v. Smith,* 347 Pa. 495, 32 A.2d 913 (1943); *Commonwealth v. Kalck, supra,* and *Commonwealth ex rel. Bates v. McKenty, supra,* does not alter the conclusion. The failure in this case was to impose a proper minimum, but although the mini-

to imprisonment therefor in any penitentiary or other institution of this State, or in any county or municipal institution, the court, instead of pronouncing upon such convict a definite or fixed term of imprisonment, shall pronounce upon such convict a sentence of imprisonment for an indefinite term: Stating in such sentence the minimum and maximum limits thereof; and *the maximum limit shall never exceed the maximum time now or hereafter prescribed as a penalty for such offense;* and *the minimum limit shall never exceed one-half of the maximum sentence prescribed by any court.*" (Emphasis added.)

mum is not the legal portion of the sentence, the gravaman of the error is that the power was employed in a manner in direct violation to the express terms of the grant. Thus, in my judgment, it is immaterial as to what portion of the sentence the error relates, if it results from a failure to comply with the *express provisions* of the Act of 1951 an efficacious sentence cannot be imposed.

The reasoning of the United States Supreme Court in *Bozza v. United States,* 330 U.S. 160 (1947) is pertinent. There the trial judge sentenced appellant Bozza to a simple term of imprisonment in violation of the statute which required as a minimum mandatory penalty both a fine and term of imprisonment. Five hours later the judge recalled Bozza and imposed a $100 fine in addition to the original imprisonment sentence. In upholding this action the Supreme Court stated: "If this inadvertent error cannot be corrected in the manner used here by the trial court, no valid and enforceable sentence can be imposed at all. Cf. Jordan v. United States, 60 F.2d 4, 6, with Barrow v. United States, 54 App. D.C. 128, 295 F. 949. This Court has rejected the 'doctrine that a prisoner, whose guilt is established, by a regular verdict, is to escape punishment altogether, because the court committed an error in passing the sentence.' In re Bonner, supra at 260. The Constitution does not require that sentencing should be a game in which a wrong move by the judge means immunity for the prisoner. See King v. United States, 69 App. D.C. 10, 15, 98 F.2d 291, 296. In this case the court 'only set aside what it had no authority to do and substitute[d] directions required by the law to be done upon the conviction of the offender.' In re Bonner, supra at 260. It did not twice put petitioner in jeopardy for the same offense. The sentence, as corrected, imposes a valid punishment for an offense instead of an invalid punishment for that offense." 330 U.S. at 166-167. (Footnote omitted.)

This reasoning is not contradictory to that espoused by our Court in prior cases. *Commonwealth v. Allen*, 443 Pa. 96, 277 A.2d 803 (1971) and *Commonwealth v. Silverman*, 442 Pa. 211, 275 A.2d 308 (1971), relied upon by the majority, concerned judicial power to increase sentences which were legal in the first instance. Indeed, the *Bozza* case was distinguished in *Allen* on the ground that the original sentence was illegal.

I agree that the subsequent sentence of 8½ to 20 years must be vacated but I so conclude because of the Court's attempt to enter this sentence in the appellant's absence. I would vacate and remand with the instruction that the erroneously entered sentence does not limit or restrict in any manner, the Court's power to impose a new sentence.