## Wells, Appellant, *v.* Civil Service Commission.

Argued December 2, 1966. Before BELL, C. J., MUS-MANNO, JONES, EAGEN, O'BRIEN and ROBERTS, JJ.

*Marvin R. Halbert,* for appellant.

*Matthew W. Bullock, Jr.,* Second Deputy City Solicitor, with him *Edward G. Bauer, Jr.,* City Solicitor, for appellees.

OPINION PER CURIAM, January 6, 1967:

The Philadelphia Home Rule Charter empowers the Personnel Director "to use any investigation of education and experience, and any test of capacity, knowledge, manual skill, character or physical fitness which in his judgment serves this end."* In the exercise of this authority the personnel director of the City of Philadelphia prepared an examination for policewomen which differed somewhat from the one which applied to policemen. Specific in the distinction was the factor that policewomen seeking promotion to policewomen sergeancies were required to undergo an oral test, whereas the examination for policemen did not include an oral test.

Ruth S. Wells, a policewoman employed by the City of Philadelphia, seeking promotion to the position of policewoman sergeant, filed a complaint in equity against the Civil Service Commission and the personnel director of the City, praying for a decree which would eliminate the oral test from the examination for the position of policewoman sergeant.

The defendants filed preliminary objections averring that the complaint failed to state a cause of action in that no justiciable issue was raised. The Court of Com-

* §7-401 (c)—Annotation.

mon Pleas No. 10 of Philadelphia County sustained the preliminary objections, and dismissed the complaint. The plaintiff appealed.

The plaintiff contends that the oral test for female applicants and not for male applicants is an arbitrary and unfair discrimination and thus violates the equal protection clause of the 14th Amendment to the Constitution of the United States. The plaintiff admits in her brief that "there is, of course, no rule requiring equal treatment for men and women under all circumstances." That is the answer to the problem raised in this case. As stated by Justice FRANKFURTER in *Goesaert v. Cleary*, 335 U.S. 464, "the Constitution does not require situations 'which are different in fact or opinion to be treated in law as though they were the same.'"

While it would be banal superfluity to state that women are entitled to the same rights and prerogatives of citizenship as men, it cannot be said, in the interests of public welfare, that they may compel an employer to assign them to tasks for which, in the best, impartial judgment of the employer, they may not only not be properly trained, but tasks where they may be subjected to perils with which they are not fitted to cope. For instance, there are some phases of firefighting where a man, because of superior physical strength, hardened muscles and intensive training can unquestionably combat a conflagration more effectively than a woman. On the other hand, there are fields in which women can do a better job than men, as, for instance, the superintendency of a girls' school.

The plaintiff argued in the court below that the position of male police sergeant and female police sergeant are substantially identical. The court replied to this argument: "Many of the tasks performed by the police force are of such a nature, physiologically speaking, that they cannot and should not be assigned to women. Using firearms, patrolling the highways, main-

taining roadblocks, conducting raids, ferreting out dangerous criminals, quelling gang warfare and riots are just a few examples.

"In addition, the job specifications of the police department list, inter alia, the following distinctions. Policewomen sergeants are required to have a knowledge of the functions of community and social welfare agencies, and of the social problems in urban centers, particularly those which involve the delinquency of women and children. Also, they must have the ability to gain the confidence of adults and children having social and behavioral problems. Policemen sergeants are required to have a particular knowledge of the law of arrest and evidence, and of the principles and techniques of crime and accident investigation, interrogation and first aid.

"It is obvious that the differences in qualifications for the two jobs are such that one test could not suffice—there would have to be a different test for men and for women. And if the Civil Service Commission can properly vary the substance of the two tests, by what rule should it be prohibited from varying the form? Our research has unearthed nothing requiring such proscription."

In seeking promotion to the position of police sergeant, the men and women do not compete against each other. When a policeman sergeancy is vacant, the job will be filled from policemen; when a policewoman sergeancy is available, only policewomen qualify. Although policemen and policewomen wear the same kind of a badge, exercise the same governmental authority, their responsibilities and particular missions may be so dissimilar that to subject them both to precisely the same test might in itself be a demonstration of unfair treatment.

A practical reason also enters into the matter of selection for promotions. The vastly superior number

of male police officers as against the number of female police officers in Philadelphia make oral examination of the men, in a given situation, impracticable. In this respect, the lower Court said: "At the most recent test date, there were 2,379 male and 25 female applicants. It would have taken 5 to 7 weeks to give each man an oral examination, yet all the women were examined in one day."

The court below properly disposed of the issues before it, including the argument that the personnel director abused his discretion.

Decree affirmed, costs to be divided between the parties.

––––––––

DISSENTING OPINION BY MR. JUSTICE ROBERTS:

I agree with the majority that the employment of different tests for applicants seeking the position of police sergeant and policewoman sergeant of itself does not violate the equal protection clause of the Fourteenth Amendment to the Constitution of the United States. However, in my view the determinative issue, one which the majority does not discuss, is whether the use of oral examinations, which constitute 40% of the women applicants' grade, so violates the merit principles of the civil service system that its utilization is an abuse of discretion on the part of the personnel director.

Section 7-300 of the Philadelphia Home Rule Charter provides: "The purpose of the civil service provisions of this charter is to establish for the City a system of personnel administration based on merit principles and scientific methods governing the appointment, promotion, demotion, transfer, lay-off, removal and discipline of its employees, and other incidents of City employment."

Under current regulations the examination for policewoman sergeant consists of three parts weighted as

follows: 50% is written, 10% is based upon seniority considerations, and 40% upon the oral examination.[1] By no stretch of the imagination can this examination be characterized as scientific. I trust that the vast majority of the examiners, if not all, are conscientious individuals who will attempt to administer the oral portion of the test in an objective manner. But it must be remembered that the examiners are also human and an oral examination necessarily involves highly personal and subjective standards of scoring even under optimal conditions.

Even if one were to concede the majority's conclusion that the position of police sergeant and policewoman sergeant are not substantially identical, there is no suggestion that the qualifications necessary to be a policewoman sergeant cannot be adequately tested by written examination. If appellees had demonstrated that oral examinations were essential to the proper selection of policewoman sergeants, conceivably we would have a different case.[2] But the force of appellees' argument is simply that it is impractical to give men oral examinations. Since the oral examinations challenged by appellant could easily subvert the principle of merit promotion, I believe that, in the absence of a demonstration of necessity, the 40% emphasis placed by the personnel director upon the oral examination of candidates for the position of policewoman sergeant is an abuse of discretion.

I dissent.

---

[1] In contrast, the examination for male police sergeant consists of a written examination (90%) and a 10% seniority rating.

[2] At oral argument the City admitted that it knew of no other civil service examination which placed so great a stress on oral examination.