Commonwealth *v.* Daniel, Appellant.
Commonwealth *v.* Douglas, Appellant.

Argued January 5, 1968.   Before BELL, C. J., MUS-
MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS,
JJ.

*Carolyn Engel Temin,* Assistant Defender, with her *Melvin Dildine,* Assistant Defender, and *Herman I. Pollock,* Defender, for appellants.

*Alan J. Davis,* Assistant District Attorney, with him *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

*Phineas Indritz* and *Marguerite Rawalt,* of the Washington, D. C. Bar, for amici curiae.

Opinion by Mr. Chief Justice Bell, July 1, 1968:

In these appeals, appellants attack the Constitutionality of the Muncy Act.* The Muncy Act provides a

---

\* Act of July 25, 1913, P. L. 1311, as amended, 61 P.S. §551 et seq.

mandatory and exclusive procedure and sentencing provisions for women convicted of a crime punishable by imprisonment for more than one year.

Appellant Jane Daniel was found guilty of robbery (by a Judge sitting without a jury) and was sentenced to the Philadelphia County Prison for a term of from one to four years. Shortly thereafter, the trial Judge vacated the sentence and *resentenced* Jane Daniel under the provisions of the Muncy Act to an *indeterminate term* at the State Correctional Institution at Muncy (hereinafter referred to as "Muncy"). Post-trial motions were denied and an appeal to the Superior Court followed. There, Jane Daniel challenged the validity of her new sentence *on the principal ground that the Muncy Act denied women the Equal Protection of Laws as required by the Fourteenth Amendment* to the United States Constitution.* The Superior Court denied relief (*Commonwealth v. Daniels*, 210 Pa. Superior Ct. 156, 232 A. 2d 247), and this Court granted allocatur.

Appellant Daisy Douglas and a co-defendant, Richard Johnson, were charged with aggravated robbery and conspiracy. They were tried without a jury and both found guilty as charged. Johnson was given *a sentence of from four to ten years* in the Eastern State Penitentiary, and Daisy Douglas was given *an indeterminate sentence to Muncy*. She filed a petition for relief under the Post Conviction Hearing Act, *alleging that she had been denied the Equal Protection of the Laws* by having been sentenced under the Muncy Act. The hearing Judge denied Daisy's petition, stating that he was "constrained" to follow the Opinion of the

---

* In the Superior Court, the District Attorney agreed with Jane Daniel that the Muncy Act was unconstitutional. The Attorney General, however, intervened and supported the Constitutionality of the Act.

Superior Court in *Commonwealth v. Daniels,* 210 Pa. Superior Ct., supra. Daisy Douglas appealed to the Superior Court from the Order denying her post-conviction petition and the Superior Court in turn certified the question to this Court pursuant to the Act of June 24, 1895, P. L. 212. We consolidated her appeal with that of Jane Daniel.

The pertinent sentencing provisions of the Muncy Act read as follows: "Any court of record in this Commonwealth, exercising criminal jurisdiction, may,* in its discretion, sentence to . . . [Muncy] any female over sixteen years of age, upon conviction for, or upon pleading guilty of, the commission of any criminal offense punishable under the laws of this State. . . . *Every sentence imposed pursuant to this act shall be merely a general one to* . . . [Muncy], *and shall not fix or limit the duration thereof. The duration of such imprisonment, including the time spent on parole, shall not exceed three years, except where the maximum term specified by law for the crime for which the prisoner was sentenced shall exceed that period, in which event such maximum term, including the time spent on parole, shall be the limit of detention under the provisions of this act."*** (Act of 1913, P. L. 1311, §15, as amended, 61 P.S. §566.) It is this exception which creates the basic issue in these two appeals.

The maximum term specified by law for the crime of robbery for which Jane Daniel was sentenced is

---

* Sentences to Muncy are now mandatory for women as a result of the following provision of the Act of July 25, 1913, supra: "§566. . . . After due notice given to all courts of record exercising criminal jurisdiction in this Commonwealth by the board of trustees of said State Industrial Home for Women that the said home is prepared to receive all women so convicted or pleading guilty of an offense punishable by imprisonment for more than a year who shall be sentenced to imprisonment, such sentence in all cases *shall* be to confinement in said State Industrial Home for Women."

** Italics throughout, ours.

ten years.* Hence, under the provisions of the Muncy Act she was required to be given an indeterminate sentence at Muncy, which, under the above-quoted exception clause, carried with it a maximum term or detention of ten years. Had Jane's original sentence been permitted to stand, her maximum confinement would have been limited to four years. She contends that the sole reason for this sentencing differential created by the Muncy Act is that she is a woman, and as a result her rights under the Equal Protection Clause of the Federal Constitution have been violated. We agree.

The Equal Protection Clause of the Fourteenth Amendment to the Constitution of the United States forbids a state to "deny to any person within its jurisdiction the equal protection of the laws." Women are undoubtedly entitled to this protection of equality of treatment. There is no doubt that the Muncy Act gives rise to discrimination in the sentencing of women when compared to sentences given to men convicted of the same crime, and the question arises whether such discrimination against women is Constitutional.

The Act of June 19, 1911, P. L. 1055, §6, as amended, 19 P.S. §1057, directs the Court to pronounce, on all persons convicted of crimes punishable by imprisonment in a State penitentiary, *both a minimum and a maximum sentence,* with the proviso that *the maximum sentence shall not exceed* the maximum punishment prescribed by law for such offense and *the minimum sentence shall not exceed one-half of the maximum sentence imposed by the Court.* The Muncy Act sentence, which is mandatory in the case where a woman is to be imprisoned for an offense punishable by imprisonment for more than a year, provides, we repeat, *solely for an indeterminate term, with the maximum*

---

* Act of June 24, 1939, P. L. 872, §704, 18 P.S. §4704.

*term to be that prescribed by law for the offense committed.* The Judge sentencing a woman under the Muncy Act is given no right or power to impose a shorter maximum sentence than the maximum punishment prescribed by statutory law for the criminal offense committed, nor a sentence with a minimum of one-half the maximum punishment, nor indeed any sentence except an indeterminate sentence as above set forth. Thus, women are deprived of the right to have a Judge fix (a) a maximum sentence less than the maximum prescribed by law for the offense committed, or (b) a minimum-maximum sentence, with its inherent advantages, which right the appellants correctly assert is given to the Judge in the sentencing of men under the Act of 1911, supra.*

In this connection, it is pertinent and appropriate to note that whether a sentence is stated in terms of minimum and maximum or is for a purely indeterminate term, the maximum sentence is the real sentence. In *Com. ex rel. Carmelo v. Smith,* 347 Pa. 495, 32 A. 2d 913, the Court said (page 496) : "A 'sentence for an indefinite term must be deemed a sentence for the maximum term described by law as a punishment

---

* The privilege of a minimum sentence given to men under the Act of 1911 may ultimately govern their release under parole. This issue is not in dispute here, however, since the appellants technically became entitled to parole immediately upon their commitment to Muncy. Act of August 6, 1941, P. L. 861, as amended, 61 P.S. §§331.21, 331.31. Even if paroled earlier, appellants contend, they remained subject to possible reincarceration for the violation of any condition of parole during the entire period of the statutory maximum punishment for the crime. They add that men, however, can be recommitted only if their parole is violated during the maximum sentence imposed by the sentencing Judge, which, we repeat, may be less than the maximum punishment imposable by law for the crime committed. Thus, they conclude, men have an arbitrary and unjust advantage.

for the offense committed': Commonwealth v. Kalck, 239 Pa. 533, 541, 87 A. 61. In that case, we quote from President Judge Sulzberger in Commonwealth ex rel. Bates v. McKenty as follows: 'Assuming as we do, for the purpose of interpreting the statute, that it is constitutional, it necessarily follows that the maximum sentence is the only portion of the sentence which has legal validity, and that the minimum sentence is merely an administrative notice by the court to the executive department, calling attention to the legislative policy that when a man's so-called minimum sentence is about to expire, the question of grace and mercy ought to be considered and the propriety of granting a qualified pardon be determined.' "

Regardless of the facts and circumstances involved in each case, whether extenuating or otherwise, a Judge in sentencing a woman has no discretion in fixing the maximum period during which she must be imprisoned. On the other hand, a Judge in sentencing a man under the Act of June 19, 1911, supra, may and does consider extenuating facts and factors.* It is clear, therefore, that an arbitrary and invidious discrimination exists in the sentencing of men to prison and women to Muncy, with resultant injury to women.

. The prohibition against the denial of the Equal Protection of the Laws does not mean that a State may not recognize differences and create classifications which are based upon reasonable and not arbitrary or capricious or unjustly discriminatory differences, or which exist by virtue of the very nature of the subjects or persons being classified. While the power and discretion of the Legislature are not absolute or unlimited or unfettered: *Rudy v. McCloskey*

---

* And, of course, in appropriate cases, a convict's prior criminal record, the brutality of the crime, his criminal or dangerous propensities, etc.

& Company, 348 Pa. 401, 35 A. 2d 250; McLaughlin v. Florida, 379 U.S. 184; Rich Hill Coal Company v. Bashore, 334 Pa. 449, 7 A. 2d 302; in a multitude of cases we have granted wide latitude to the Legislature to create reasonable classifications on the aforesaid grounds. See, for example, Wells v. Civil Service Commission, 423 Pa. 602, 225 A. 2d 554.

A classification by sex alone would not, per se, offend the Equal Protection Clause of the United States Constitution. For example, there are undoubtedly significant biological, natural and practical differences between men and women which would justify, under certain circumstances, the establishment of different employment qualification standards. Over the years, both the Supreme Court of the United States and this Court have upheld laws which differentiate between the employment of men and women. Muller v. Oregon, 208 U.S. 412; Dominion Hotel v. Arizona, 249 U.S. 265; Radice v. New York, 264 U.S. 292; West Coast Hotel Co. v. Parrish, 300 U.S. 379; Goesaert v. Cleary, 335 U.S. 464; Wells v. Civil Service Commission, 423 Pa., supra.

In Wells v. Civil Service Commission, 423 Pa., supra, this Court pertinently said (page 604): "The plaintiff contends that the oral test for female applicants and not for male applicants is an arbitrary and unfair discrimination and thus violates the equal protection clause of the 14th Amendment to the Constitution of the United States. The plaintiff admits in her brief that 'there is, of course, no rule requiring equal treatment for men and women under all circumstances.' That is the answer to the problem raised in this case. As stated by Justice FRANKFURTER in Goesaert v. Cleary, 335 U.S. 464, 'the Constitution does not require situations "which are different in fact or opinion to be treated in law as though they were the same." '

"While it would be banal superfluity to state that women are entitled to the same rights and prerogatives of citizenship as man, it cannot be said, in the interests of public welfare, that they may compel an employer to assign them to tasks for which, in the best, impartial judgment of the employer, they may not only not be properly trained, but tasks where they may be subjected to perils with which they are not fitted to cope. For instance, there are some phases of firefighting where a man, because of superior physical strength, hardened muscles and intensive training can unquestionably combat a conflagration more effectively than a woman. On the other hand, there are fields in which women can do a better job than men, as, for instance, the superintendency of a girls' school."

We are convinced, however, that the considerations and factors which would justify a difference between men and women in matters of employment, as well as in a number of other matters, *do not govern* or justify the imposition of a longer or greater sentence of women than is imposed upon men for the commission of the same crime. In particular, we fail to discern any reasonable and justifiable difference or deterrents between men and women which would justify a man being *eligible* for a shorter maximum prison sentence than a woman for the commission of the same crime, especially if there is no material difference in their records and the relevant circumstances.

While we are fully aware of the strong presumption of Constitutionality which attaches to every Act of the Legislature (*Daly v. Hemphill*, 411 Pa. 263, 191 A. 2d 835, and a myriad cases cited therein), we nevertheless are convinced that the Act of July 25, 1913, P. L. 1311, as amended, is devoid of reasonable grounds of differences, and is arbitrary, discriminatory and invalid under the Fourteenth Amendment of the Constitution of the United States.

Judgment of sentence in the appeals of Jane Daniel and of Daisy Douglas are reversed and the cases are remanded to the Court of Quarter Sessions of Philadelphia County for resentencing consistent with this Opinion.

Mr. Justice ROBERTS concurs in the result.