J-S54003-17

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
:           PENNSYLVANIA
:
         v.               :
:
:
LEELAND R. BARNHART        :
:
      Appellant        :   No. 774 WDA 2016

Appeal from the Judgment of Sentence April 22, 2016
In the Court of Common Pleas of Greene County
Criminal Division at No(s):  CP-30-CR-0000485-2011,
CP-30-CR-0000487-2011

BEFORE:   OTT, J., MOULTON, J., and FITZGERALD, J.[*]

MEMORANDUM BY OTT, J.:               FILED DECEMBER 13, 2017

Leeland R. Barnhart appeals from the judgment of sentence imposed on April 22, 2016, in the Court of Common Pleas of Greene County, following a remand from the Superior Court.[1]   The prior panel affirmed Barnhart's convictions on multiple charges, including involuntary deviate sexual intercourse (IDSI), statutory sexual assault, and aggravated indecent assault (AIA),[2] regarding his involvement with a 15 year-old, female child, R.B. However, the prior panel vacated Barnhart's mandatory minimum sentence of

_____

[*] Former Justice specially assigned to the Superior Court.

[1] Commonwealth v. Barnhart, 120 A.3d 1057 (Pa. Super. 2015) (unpublished memorandum), appeal denied, 125 A.3d 1197 (Pa. 2015) (table).

[2] 18 Pa.C.S. §§ 3123(a)(7), 3122.1, and 3125(a)(8), respectively.

10 years for his violation of 18 Pa.C.S. § 3123(a)(7).[3]  That sentence was found to have violated Alleyne v. United States, 570 U.S. 99, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013) and the case was remanded for resentencing. On April 22, 2016, he was resentenced to an aggregate term of five to ten years' incarceration. In this timely appeal, Barnhart raises a number of challenges to his sentence and a claim that the trial court erred in providing an improper verdict slip to the jury.  After a thorough review of the submissions by the parties, relevant law, and the certified record, we affirm.

The underlying charges in this matter arise from an approximately three-week period in July and August, 2011, during which Barnhart had repeated sexual contact with the victim, R.B., a then 15-year old child.  The sexual activity began on July 7, 2011, continued through July 24, 2011, when R.B. ran away from home to Barnhart's trailer, and ended upon R.B.'s discovery at Barnhart's trailer on August 2, 2011.  At the time of the crime, Barnhart was 35 years old.  As noted above, upon conviction, Barnhart was sentenced to a mandatory minimum ten-year sentence of incarceration for engaging in oral sex with a person less than 16 years old when he was more than four years older and they were not married.  Barnhart appealed a number of issues, including a claim that his sentence was unconstitutional in that it was disproportional as it related to oral sex versus vaginal sex.  While that

_____

[3] Regarding IDSI where the complainant is less than 16 years old and the defendant is four or more years older than the complainant and the two people are not married.

allegation was not addressed by the prior panel of our Court, that panel did determine that the sentence violated Alleyne, supra. After being resentenced, this appeal followed.

Barnhart's first two claims are related and we will address them together. First, Barnhart argues the trial court violated Pa.R.Crim.P. 600(B)(5) by failing to sentence him within 120 days of the case being remanded to the trial court. Second, he argues the trial court erred in failing to grant his writ of habeas corpus when it failed to sentence him within the 120 days required by Pa.R.Crim.P. 600(B)(5).

Rule 600 is commonly referred to as the "speedy trial" rule, and governs the time the Commonwealth has in which to bring a defendant to trial. Rule 600(B)(5) states:

> (B) Pretrial Incarceration. Except in cases in which the defendant is not entitled to release on bail as provided by law, no defendant shall be held in pretrial incarceration in excess of …
>
> (5) 120 days from the date of the written notice from the appellate court to the parties that the record was remanded.

Pa.R.Crim.P. 600(B)(5).

Facially, Rule 600(B)(5) applies to pretrial incarceration following remand. Here, Barnhart's remand was for resentencing only. Barnhart's conviction was affirmed and he was not granted a new trial. This fact is clear from the memorandum opinion filed in that matter:

> Accordingly, we affirm [Barnhart's] convictions, but we vacate the judgment of sentence and remand for resentencing without imposition of mandatory minimum sentences.

- 3 -

> Judgment of sentence vacated; case remanded for resentencing. Jurisdiction relinquished.

Commonwealth v. Barnhart, 120 A.3d 1057 (Pa. Super. 2015) (unpublished memorandum).

Because Barnhart's convictions had not been reversed, he was not awaiting retrial and, therefore, he was not serving pretrial incarceration. He was serving post-conviction incarceration. Barnhart has provided no authority, other than his assertion, that Rule 600(B)(5) applies to persons convicted and awaiting resentencing as well as those persons whose convictions have been vacated and are awaiting retrial.[4]

The second aspect of this claim is that the trial court erred in failing to grant his application for a writ of habeas corpus due to the violation of Rule 600(B)(5). Because there was no violation of Rule 600(B)(5), the trial court could not have erred in failing to grant the habeas corpus relief sought.

In his third claim, Barnhart argues the trial court erred in not finding the sentencing provision regarding sexual offender treatment found at 42 Pa.C.S. § 9718.1 unconstitutional and compounding that error by failing to parole Barnhart immediately. Barnhart's constitutional claim is based upon Alleyne, supra, which held that any fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a

_____

[4] Indeed, this Court's own research produced no results that support Barnhart's claim.

reasonable doubt. Id. 133 S.Ct. at 2162. See also, Commonwealth v. Hopkins, 117 A.3d 247, 257 (Pa. 2015) (same).

Barnhart argues that Section 9718.1 addresses the requirements of any person, including sexually violent predators, convicted of any of the listed sexual crimes against minors, to obtain parole. The essence of the argument is that because the mandatory minimum sentence Barnhart was originally subjected to was unconstitutional under Alleyne, Section 9718.1 must also be unconstitutional because there was no determination by a jury of the age of the victim. According to Barnhart, his right to parole has been denied, or at least delayed, because he was unable to fulfill the requirements originally,[5] and he is not currently eligible for parole even though he has completed almost the entire five-year minimum sentence he is now serving.

_____

[5] Barnhart argues he was unable to participate in the mandatory classes because he had not served half his sentence. See Appellant's Brief at 23-24. Barnhart has provided no evidence of this allegation. We see nothing in Section 9718.1 that requires a person serve his minimum sentence prior to being eligible for mandatory rehabilitation classes. Moreover, Section 9718.1(d) specifically states:

> Notwithstanding any other provision of law to the contrary, this section shall not be construed to confer any legal right upon any individual, including an individual required to participate in the department's programs of counseling or therapy for incarcerated offenders, seeking to: (1) participate and attend the program provided in subsection (a) at the time of the individual's own choosing; (3) be paroled.

42 Pa.C.S. § 9718.1(d)(1), (3).

- 5 -

This argument fails for a number of reasons, but most importantly, the argument does not recognize the fact that granting or denial of parole does not affect the sentence. As this Court has stated:

> "[t]he granting and rescinding of parole are purely administrative functions." Rivenbark v. Com., Pennsylvania Bd. Of Prob. & Parole, 509 Pa. 248, 501 A.2d 1110, 1112 (1985). "Parole is a penological measure for the disciplinary treatment of prisoners who seem capable of rehabilitation outside the prison walls; it does not affect the sentence." Id. at 1112 (emphasis added).

Commonwealth v. Oliver, 128 A.3d 1275, 1281 (Pa. Super. 2015).

Additionally, there is no right to parole.

> There is never any right to parole. See Commonwealth v. Stark, 698 A.2d 1327, 1333 (Pa. Super. 1997) (convicted persons in Pennsylvania have no constitutional or inherent rights to parole). "Parole is a matter of grace and mercy shown to a prisoner who has demonstrated to the Board's satisfaction his ability to function as a law abiding member of society." Commonwealth v. Baldwin, 760 A.2d 883, 886 (Pa. Super. 2000) (quoting Stark, 698 A.2d at 1333) When a convict is sentenced, he or she has no legitimate expectation except to serve the maximum sentence. See Commonwealth v. Daniel, 430 Pa. 642, 243 A.2d 400, 403 (1968) ("the maximum sentence is the real sentence"); Gundy v. Com., Pennsylvania Board of Probation and Parole, 82 Pa. Cmwlth. 618, 478 A.2d 139, 141 (1984) (stating, "[t]he sentence imposed for a criminal offense is the maximum sentence and the minimum sentence merely sets the date prior to which a prisoner may not be paroled").

Commonwealth v. Walters, 814 A.2d 253, 258 (Pa. Super. 2002) (Graci, J., concurring opinion).

Because Barnhart has no right to parole and the failure to be granted parole has no effect upon Barnhart's sentence, it cannot be said that Alleyne requires us to find Section 9718.1 unconstitutional.

Next, Barnhart claims his sentence for IDSI is unconstitutional in that it is overbroad and disproportionate by classifying oral sex as deviate and it is also disproportionate in that it punishes homosexual behavior greater than heterosexual behavior. These arguments are without merit.

Barnhart does not explain why he believes the IDSI sentencing is overbroad. Accordingly, we will not address that. However, his argument does claim that sentencing for "deviate" sexual acts, such as oral sex as applicable in his trial, is disproportionate in that it is punished with double the severity as crimes involving heterosexual vaginal intercourse. To illustrate his claim, he has compared standard range sentences for AIA (18 Pa.C.S. § 3125 (a)) with IDSI (18 Pa.C.S. § 3123(a)(7)[6]). Specifically, he argues a standard range sentence for AIA, with a prior record score of "0", produces a minimum sentence range of 22 to 36 months' incarceration. The sentence for IDSI, also with a prior record score of "0", produces a standard range minimum sentence of 48 to 66 months' incarceration. To understand this false comparison, one needs to examine the relevant elements of the crimes of IDSI, Rape, and AIA.

Relevant to this case, IDSI includes, an act of intercourse per os between humans, with some penetration, however slight.[7] It is a felony of the

---

[6] Barnhart has mistakenly cited 18 Pa.C.S. § 3127(a)(7) rather than Section 3123. Section 3127 addresses Indecent Exposure.

[7] 18 Pa.C.S. § 3123, 3101 (definition of deviate sexual intercourse).

first degree.  Rape, requires an act of sexual intercourse.[8]  Sexual intercourse "in addition to its ordinary meaning, includes intercourse per os or anus, with some penetration however slight".[9]  Rape is also a felony of the first degree. Aggravated Indecent Assault requires penetration, however slight,  of the genitals or anus of the complainant with any part of the defendant's body,[10] and is graded as a second degree felony.  However, the definitions of Rape, IDSI, and AIA obviously overlap.

In his argument, Barnhart uses an act of sexual intercourse as his example of AIA, but uses intercourse per os, which also fits the definition of AIA, as his example of IDSI. In choosing these crimes for his comparison, he claims the society punishes "deviate" sex more harshly than sexual intercourse, and does so for no discernable reason.  This fact, Barnhart argues, produces unconstitutionally disparate sentences.  But in choosing to compare AIA with IDSI, Barnhart is comparing a second degree felony to a first degree felony and then arguing the punishment for sexual intercourse (AIA, second degree felony) is significantly less than punishment for oral sex (IDSI, a first degree felony).  Barnhart's argument ignores the fact that both intercourse per os and sexual intercourse (in its "ordinary meaning") can be classified as AIA.  Both acts can, therefore, be classified as a second degree felony.

_____

[8] 18 Pa.C.S. § 3121, 3101 (definition of sexual intercourse).

[9] 18 Pa.C.S. § 3101 (definition of sexual intercourse).

[10] 18 Pa.C.S. § 3125

Similarly, the acts of sexual intercourse and intercourse per os can also be charged as the first degree felony of Rape and intercourse per os can be chargeable as the first degree felony of IDSI. As both acts are classifiable as first or second-degree felonies, both acts are subject to the penalties associated therewith.

Barnhart has chosen to compare a second degree felony with a first degree felony and complain about the disparate sentences. This is a false comparison. The penalties for sexual intercourse and "deviate sex" are directly comparable as either first degree felonies (Rape/IDSI) or second degree felonies (both fitting the definition of AIA). Accordingly, it is clear that the punishments for deviate sexual intercourse per os and sexual intercourse are not disparate.

In light of the above, this aspect of Barnhart's claim fails.

Barnhart also claims that sentencing for IDSI is facially unconstitutional in that it treats homosexuals differently from heterosexuals. Barnhart argues Obergefell v. Hodges, ___ U.S. ___, 135 S.Ct. 2584, 192 L.Ed.2d 609 (2015), which determined homosexuals could not be denied the right to marry just as heterosexuals are allowed, created a protected class, and therefore, may not be discriminated against in criminal sentencing. This argument fails for a number of reasons.

First, Obergefell, as we read the case, did not name homosexuals as a protected class, rather, it recognized that homosexuals had been improperly

prevented from marriage and so found homosexuals have an equal right to marriage.

Second, assuming for the sake of argument that Obergefell named homosexuals as a protected class, Barnhart is male and his victim is female. The crimes he was charged with do not include him as a member of the alleged protected class and, therefore, has suffered no harm from being a member of that class. Accordingly, he has no standing to challenge the law based on the alleged disparate treatment of a protected class.

Third, his argument is based on the same spurious logic that the IDSI sentencing is unconstitutionally disparate. As demonstrated above, it is not.

In his final argument, Barnhart claims the trial court erred in failing to give a specific jury instruction regarding the Commonwealth's ability or inability to prove the dates on which the crimes took place. This issue is not properly before us. A defendant "is not entitled to raise any issues regarding alleged trial errors in [a] resentencing proceeding." Commonwealth v. Gaito, 419 A.2d 1208, 1211 (Pa. Super. 1980). This should have been raised either on direct appeal or it might be raised in a timely filed Post Conviction Relief Act petition.

For the foregoing reasons, Barnhart is not entitled to relief.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/13/2017