J-A09026-20

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| --- | --- | --- |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MELISSA SARVEY F/K/A MELISSA | : | |
| CIELESKI | : | |
| | : | No. 1358 WDA 2019 |
| Appellant | : | |

Appeal from the Judgment of Sentence Entered August 7, 2019
In the Court of Common Pleas of Jefferson County Criminal Division at
No(s): CP-33-CR-0000014-2012

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| --- | --- | --- |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MELISSA SARVEY F/K/A MELISSA | : | |
| CIELESKI | : | |
| | : | No. 1359 WDA 2019 |
| Appellant | : | |

Appeal from the Judgment of Sentence Entered August 7, 2019
In the Court of Common Pleas of Jefferson County Criminal Division at
No(s): CP-33-CR-0000605-2007

BEFORE: SHOGAN, J., MURRAY, J., and STRASSBURGER, J.[*]

MEMORANDUM BY MURRAY, J.: FILED MAY 27, 2020

Melissa Sarvey (Appellant) appeals from the judgment of sentence

entered following remand by this Court for resentencing. Because we

_____

[*] Retired Senior Judge assigned to the Superior Court.

conclude that the trial court abused its discretion in resentencing Appellant, we vacate the judgment of sentence and remand for resentencing.

A prior panel of this Court summarized the facts and procedural history:

On July 26, 2011, while Appellant was incarcerated at the Jefferson County Correctional Facility, she attempted to deliver one-half of a tablet of Oxycodone and one tablet of Zolpidem (Ambien) to another inmate. The incident was recorded on video. Appellant hid the pills under a commissary form and slid them under her cell door toward another inmate's cell. A corrections officer noticed the papers being pushed underneath Appellant's cell door and attempted to pick them up. Appellant refused to release the papers, and after a struggle, the officer was able to take the papers away from Appellant. The officer handed the commissary form back to Appellant, and as the officer walked away, she noticed a baggie containing two pills in the place where the paper had been. The officer confiscated the baggie[.] . . . Appellant was ultimately charged with two counts of [possession with the intent to deliver (PWID)], two counts of possession by an inmate, two counts of controlled substance to prison, and two counts of criminal attempt.

On April 16, 2012, a jury found Appellant guilty on all charges. On May 17, 2012, the trial court sentenced Appellant to consecutive terms of incarceration of one to three years for one PWID count and one and one-half years to three years for the second PWID count. The court further imposed consecutive terms of incarceration of one and one-half years to three years for each count of possession by an inmate, and a term of incarceration of two to five years for each count of controlled substance to prison. Finding that the criminal attempt convictions merged with the controlled substance to prison convictions, the sentencing court did not impose a sentence for the criminal attempt convictions. The trial court also revoked Appellant's probation on a single count of hindering apprehension at Docket CP-33-CR-605-2007 and sentenced her to an additional term of confinement of one to two years. Finally, the trial court revoked Appellant's probation at Dockets CP-33-CR-662-2008, CP-33-CR-387-2008, and CP-33-CR-388-2008, and resentenced Appellant to five years of probation at each docket, running concurrent to each other. Appellant's total period of incarceration was ten and one-half to

twenty-four years of incarceration followed by five years of probation.

Appellant filed a timely direct appeal, arguing that the trial court erred when it allowed the Commonwealth to amend the charges immediately before trial. On direct appeal, she argued that the amendment did not allow her sufficient time to adjust her defense strategy and subjected her to mandatory minimum sentences that increased the severity of her penalty. This Court found that Appellant's appeal was without merit because the new charges did not arise from different facts nor would they have required her to alter her trial or defense strategy; thus, she was not prejudiced by the amendment. See Commonwealth v. Sarvey, 68 A.3d 368, 968 WDA 2012 (Pa. Super. Filed February 21, 2013 (unpublished memorandum)[]. Appellant sought Supreme Court review, which was denied on September 14, 2013. Commonwealth v. Sarvey, 621 Pa. 672, 74 A.3d 1031 (Pa. 2013).

Appellant sought timely collateral review, and the PCRA court appointed counsel. Counsel filed a no merit letter/petition to withdraw as counsel pursuant to Commonwealth v. Turner, 518 Pa. 491, 544 A.2d 927 (1988), and Commonwealth v. Finley, 379 Pa.Super. 390, 550 A.2d 213 (1988) (en banc), on February 14, 2014. After receiving notice of the PCRA court's intent to dismiss the PCRA petition without a hearing, Appellant sent the court a letter in which she stated she wanted to continue the appeal. Ultimately, and after a convoluted path and a change of counsel, this Court directed the PCRA court to order Appellant to file an amended PCRA petition within thirty days from the date of our memorandum. Appellant filed her timely amended petition, and following an extensive hearing, the PCRA court denied her petition.

Commonwealth v. Sarvey, 199 A.3d 436, 443-44 (Pa. Super. 2018) (citations to notes of testimony omitted).

On appeal from the PCRA court's denial of her petition, Appellant raised multiple issues, including an ineffective assistance of counsel claim averring

that her trial counsel "fail[ed] to raise on appeal the discretionary aspects of the lower court's sentence." Sarvey, 199 A.3d at 445.

Agreeing with Appellant that her underlying discretionary sentencing claim had merit, a panel of this Court held that "Appellant's sentence of over ten years of incarceration for attempt[ing] to pass one and one-half pills . . . was unduly harsh and clearly unreasonable given the nature and circumstances of the offenses." Sarvey, 199 A.3d at 456-57. We reversed the order of the PCRA court, vacated Appellant's judgment of sentence, and remanded her case for resentencing "consistent with [our] opinion." Id. at 457.

Upon remand, the trial court resentenced Appellant to an aggregate term of 8 to 17 years of incarceration, followed by two years of probation. Appellant did not file post-sentence motions. On September 6, 2019, Appellant filed two separate notices of appeal.[1]

Appellant presents two issues for our review:

> 1. Does sentencing [Appellant] to a maximum sentence in excess of ten years, in direct contravention of the Superior Court of Pennsylvania's order in [Commonwealth] v. Sarvey, 199 A.3d 436 (Pa. Super. Ct. 2018), constitute legal error where in Sarvey, this Court expressly stated that sentencing [Appellant] to "over ten years of incarceration for attempting to pass one and one-half

_____

[1] Appellant has complied with our Supreme Court's directive in Commonwealth v. Walker, 185 A.3d 969 (Pa. 2018) by filing separate notices of appeal at each docket, "where a single order resolves issues arising on more than one docket." Id. at 971.

pills was clearly unreasonable" and "remanded for resentencing consistent with that opinion"? Id. at 457.

2. Does sentencing [Appellant] to a maximum sentence in excess of ten years constitute an abuse of discretion because a term exceeding ten years of incarceration "for attempting to pass one and one-half pills" is "clearly unreasonable"?

Appellant's Brief at 5-6.

Appellant challenges the discretionary aspects of her sentence. "The right to appellate review of the discretionary aspects of a sentence is not absolute, and must be considered a petition for permission to appeal." Commonwealth v. Buterbaugh, 91 A.3d 1247, 1265 (Pa. Super. 2014). "An appellant must satisfy a four-part test to invoke this Court's jurisdiction when challenging the discretionary aspects of a sentence." Id. We conduct this four-part test to determine whether:

(1) the appellant preserved the issue either by raising it at the time of sentencing or in a post-sentence motion; (2) the appellant filed a timely notice of appeal; (3) the appellant set forth a concise statement of reasons relied upon for the allowance of appeal pursuant to Pa.R.A.P. 2119(f); and (4) the appellant raises a substantial question for our review.

Commonwealth v. Baker, 72 A.3d 652, 662 (Pa. Super. 2013) (citation omitted). "A defendant presents a substantial question when he sets forth a plausible argument that the sentence violates a provision of the sentencing code or is contrary to the fundamental norms of the sentencing process." Commonwealth v. Dodge, 77 A.3d 1263, 1268 (Pa. Super. 2013) (citations omitted).

Appellant has complied with the first three prongs of the test by raising her discretionary sentencing claims at the time of sentencing, filing a timely notice of appeal, and including in her brief a Rule 2119(f) concise statement. See Appellant's Brief at 8-10. Therefore, we examine whether Appellant presents a substantial question for review.

Appellant alleges that in the aggregate, the consecutive sentences she received were excessive. See Appellant's Brief at 9. She further argues that "a sentence exceeding ten years for attempting to pass one and a half pills is 'clearly unreasonable.'" Id. at 9-10. While we note that the trial court decreased Appellant's maximum sentence from 24 years to 17 years, upon review, we again "opine that the sentence was unquestionably harsh." Sarvey, 199 A.3d at 455-56 ("Although we are cognizant of the danger of any amount of drugs in a prison setting and realize the sentencing court was familiar with Appellant's history . . . . [w]e also note that Appellant's crime did not involve violence. Further, we reiterate that Appellant's crime involved one episode of attempting to pass a very small quantity of prescription pills."). Thus, Appellant has raised a substantial question. See Commonwealth v. Moury, 992 A.2d 162, 171-72 (Pa. Super. 2010) ("[T]he imposition of consecutive, rather than concurrent, sentences may raise a substantial question . . . where the aggregate sentence is unduly harsh, considering the nature of the crimes and length of imprisonment.").

In reviewing Appellant's sentencing claim, we recognize:

> Sentencing is a matter vested in the sound discretion of the sentencing judge. The standard employed when reviewing the discretionary aspects of sentencing is very narrow. We may reverse only if the sentencing court abused its discretion or committed an error of law. A sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision. We must accord the sentencing court's decision great weight because it was in the best position to review the defendant's character, defiance or indifference, and the overall effect and nature of the crime.

*Commonwealth v. Cook*, 941 A.2d 7, 11-12 (Pa. Super. 2007) (citations omitted).

Initially, Appellant attempts to invoke a challenge to the legality of sentence by suggesting that the trial court "ignored this Court's mandate to resentence [Appellant]." Appellant's Brief at 11. We reject this contention. In holding that the trial court imposed a sentence that was "unduly harsh and clearly unreasonable given the nature and circumstances of the offense," we concluded that Appellant's underlying discretionary sentencing claim had merit and her trial counsel was therefore "ineffective for failing to preserve and appeal" the issue. *Sarvey*, 199 A.3d at 456-57. For that reason, we vacated Appellant's sentence and remanded her case "for resentencing consistent with [our] opinion." *Id.* at 457.

While a trial court on remand must strictly comply with the mandate of an appellate court, "[a]n appellate [c]ourt has no power to impose a sentence; that power is to be exercised exclusively by the trial court and can only be

usurped by the legislature." Commonwealth v Holiday, 954 A.2d 6, 10 (Pa. Super. 2008) (citation omitted). "Therefore, where an appellate [c]ourt determines a sentence is illegal or otherwise improper, the Court may not superimpose its judgment on the trial court by directing the sentence imposed[.]" Id.

In deciding Appellant's prior appeal, we directed the trial court to resentence Appellant. However, as the fashioning of a sentence is left to the discretion of the trial court, we do not read our prior decision as implying a particular sentence on remand. See Holiday, 954 A.2d at 10. Rather, we examine Appellant's new sentence, and whether it is excessive and harsh given the nature and circumstances of the offenses.

Appellant argues that the trial court abused its discretion in resentencing her to an aggregate term of 8 to 17 years of incarceration because her sentence is "still considerably over ten years, and therefore still clearly unreasonable." Appellant's Brief at 11. Appellant, the trial court, and the Commonwealth all debate whether the term "sentence," as used in our previous opinion, refers to the minimum or maximum sentence Appellant originally received. See Appellant's Brief at 11-12; Trial Court Opinion, 10/4/19, at *1; Commonwealth Brief at 2-3. Appellant argues that the term "sentence" refers to her maximum sentence. Appellant's Brief at 11 ("As this Court well knows, an inmate's minimum sentence is merely the date upon which an inmate becomes eligible for parole consideration . . . Minimum

sentences are therefore not 'sentences' that trial courts impose."). In response, both the trial court and the Commonwealth define "sentence" as the minimum sentence Appellant was given. Trial Court Opinion, 10/4/19, at *1 ("Both of [Appellant's] issues rely on her interpretation of the Superior Court opinion. The [c]ourt did not and does not agree with her interpretation, though."); Commonwealth's Brief at 2-3 ("The [trial] court and, indeed, any reasonable person with knowledge of the matter, would infer . . . that it was the minimum sentence being discussed by this Court rather than the maximum.") (emphasis omitted). We agree with Appellant.

The Pennsylvania Supreme Court has stated that "the maximum sentence is the real sentence . . . the only portion of the sentence which has legal validity." Commonwealth v. Batts, 163 A.3d 410, 430 (Pa. 2017) (citing Commonwealth v. Daniel, 243 A.2d 400, 403 (Pa. 1968)). "Under Pennsylvania law, the minimum term imposed on a prison sentence merely sets the date prior to which a prisoner may not be paroled." Rogers v. Pennsylvania Bd. of Probation and Parole, 724 A.2d 319, 326 n.2 (Pa. 1999) (citation omitted, emphasis in original). Accordingly, "[w]here the sentence is one of total confinement as specified in [S]ection 9721(a)(4), the [sentencing] court is compelled to state a maximum sentence, which is, in effect, the full sentence to be served, and a minimum sentence, which specifies the date on which the defendant, once jailed, is eligible for parole." Commonwealth v. Basinger, 982 A.2d 121, 127 (Pa. Super. 2009) (citation

omitted); see also 42 Pa.C.S.A. § 9756 ("In imposing a sentence of total confinement the court shall at the time of sentencing specify any maximum period up to the limit authorized by law . . . The court shall impose a minimum sentence of confinement which shall not exceed one-half of the maximum sentence imposed."). Consistent with the foregoing, we examine Appellant's 17-year maximum in reviewing her discretionary sentencing claim.

We reiterate that sentencing is within the sound discretion of the trial court. Cook, 941 A.2d at 11. However, a trial court's discretion is not unrestricted. See Commonwealth v. Robertson, 874 A.2d 1200, 1212 (Pa. Super. 2005) ("The deference paid to the trial court does not necessitate a rubber stamped approval of the sentences imposed by the sentencing court.") (citation omitted). Otherwise, "[a]ppellate review of sentencing matters would become a mockery and a sham if all sentences were routinely affirmed under the guise of the discretion of the trial court." Id. (citation omitted).

Section 9781(c)(2) of the Sentencing Code provides that on appeal, this Court "shall vacate the sentence and remand the case to the sentencing court with instructions if it finds: . . . the sentencing court sentenced within the sentencing guidelines but the case involves circumstances where the application of the guidelines would be clearly unreasonable[.]" 42 Pa.C.S.A. § 9781(c)(2). In determining whether a particular sentence is clearly unreasonable,

> the appellate court must consider the defendant's background and characteristics as well as the particular circumstances of the

offense involved, the trial court's opportunity to observe the defendant, the presentence investigation report, if any, the Sentencing Guidelines as promulgated by the Sentencing Commission, and the 'findings' upon which the trial court based its sentence.

Commonwealth v. Coulverson, 34 A.3d 135, 147 (Pa. Super. 2011) (citation omitted).

Here, the trial court resentenced Appellant to an aggregate 17 years of incarceration. Upon review, we again conclude that given the circumstances, the sentence was unreasonable.

In our prior decision, we recognized the danger of any amount of a controlled substance in a prison setting, and the trial court's familiarity with Appellant's history. See Sarvey, 199 A.3d at 455-56. However, the fact remains that Appellant's 17-year sentence is the result of Appellant's single act of attempting to pass a half tablet of oxycodone and one tablet of Ambien to another inmate, and the trial court's imposition of consecutive sentences.[2] While this decision is well-within the trial court's normal discretion, see Commonwealth v. Zirkle, 107 A.3d 127, 133 (Pa. Super. 2014), under these circumstances, the 17-year aggregate sentence is unreasonable.

This Court has explained that defendants are not entitled to "volume discounts" when they are sentenced for multiple convictions. See

_____

[2] If the trial court had ordered Appellant's sentences to run concurrently, the aggregate sentence would have been 2 to 4 years of incarceration.

Commonwealth v. Gonzalez-Dejusus, 994 A.2d 595, 598 (Pa. Super. 2010). However, in this case, Appellant's six convictions arise from a single incident. While the crimes do not merge for sentencing purposes, in our prior decision, we observed the "substantial overlap among [possession with the intent to deliver, possession by an inmate, and controlled substance to prison." Sarvey, 199 A.3d at 456.

Appellant was convicted of one attempt to deliver one and a half tablets of controlled substances to another inmate. She was not convicted of attempting to deliver controlled substances to multiple inmates, or another inmate on more than one occasion, and she was not found in possession of a moderate or large amount of controlled substances while imprisoned. Also, none of Appellant's convictions involved violence. Compare with Commonwealth v. Jones, 942 A.2d 903 (Pa. Super. 2008) (discretionary sentencing claim meritless where defendant was sentenced on 10 convictions to 80 to 160 years of imprisonment for crime spree during which he robbed and sexually assaulted three elderly women on three separate occasions).

On this record, we find Appellant's 17-year sentence to be unreasonable, and once again remand for resentencing.

Judgment of sentence vacated. Case remanded for resentencing. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>5/27/2020</u>